# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>eight (8) cellular phones in the custody of the City of Milwaukee Police Department, (fully described in Attachment A) | Case No. 22-909M(NJ)<br><br>**Matter No.: 2021R00204** |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Eastern_____ District of _____Wisconsin_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A. Over which this Court has jurisdiction pursuant to 18 U.S.C. §§ 2703 and 2711 and Federal Rule of Criminal Procedure 41.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before _____6/7/22_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Hon. Nancy Joseph_____.
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 5/24/22 @ 11:35pm   *Nancy Joseph*
                                         *Judge's signature*

City and state: Milwaukee, Wisconsin   Hon. Nancy Joseph, U.S. Magistrate Judge
                                         *Printed name and title*

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### PROPERTY TO BE SEARCHED

The Property to be search is the following: (1) purple, Apple iPhone in clear plastic case; (1) white, Apple iPhone in black plastic case; (1) gray, Verizon eTalk flip phone (serial number F0192007036188); (1) black/ blue, Verizon, Samsung flip phone (serial number SMB690VBKA); (1) black/red, Verizon, Kyocera flip phone (serial number KYOE4520PIT); (1) rose gold, Apple iPhone 6S with clear plastic case; (1) black, Apple iPhone with black plastic case; and one (1) black, Sprint, Kyocera cell phone (serial number 268435459912178756), all of which are now located in the custody of the City of Milwaukee Police Department (MPD) under evidence inventory number 21013084.

# ATTACHMENT B

## ITEMS TO BE SEIZED

All records on (1) purple, Apple iPhone in clear plastic case; (1) white, Apple iPhone in black plastic case; (1) gray, Verizon eTalk flip phone (serial number F0192007036188); (1) black/ blue, Verizon, Samsung flip phone (serial number SMB690VBKA); (1) black/red, Verizon, Kyocera flip phone (serial number KYOE4520PIT); (1) rose gold, Apple iPhone 6S with clear plastic case; (1) black, Apple iPhone with black plastic case; and one (1) black, Sprint, Kyocera cell phone (serial number 268435459912178756), described in Attachment A, that relates to violations of drug distribution, in violation of 21 U.S.C. § 841(a)(1), felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and involve Jaquan JACKSON and/or Kerry CRAWFORD including, but not limited to:

a. Drug customers and related identifying information;
b. types, amounts, and prices of drugs trafficked as well as dates and amounts of specific transactions;
c. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);
d. any information related to the possession or use of firearms; and
e. photographs and/or videos showing Jackson and/or Crawford in possession of firearms and/or illegal controlled substances.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>eight (8) cellular phones in the custody of the City of Milwaukee Police Department, (fully described in Attachment A) | ) ) ) ) ) ) ) Case No. 22-909M(NJ)<br><br>**Matter No.: 2021R00204** |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A. Over which this Court has jurisdiction pursuant to 18 U.S.C. §§ 2703 and 2711 and Federal Rule of Criminal Procedure 41.

located in the ____Eastern____ District of ____Wisconsin____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1); 922(g)(1); and 924(c) | Violations of drug distribution; Felon in possession of a firearm; Possession of a firearm in furtherance of a drug trafficking crime. |

The application is based on these facts:
See the attached affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____ )* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Matthew P. Mason*
Applicant's signature

SA Matthew Mason, ATF
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by ____telephone____ *(specify reliable electronic means)*.

Date: 5/24/22

*Nancy Joseph*
Judge's signature

City and state: Milwaukee, Wisonsin

Hon. Nancy Joseph, U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Matthew Mason, being duly sworn, hereby depose and state:

## I. BACKGROUND, TRAINING & EXPERIENCE

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). I have been so employed since September 2015. Prior to my employment with ATF, I was a Police Officer with the Calumet City Illinois Police Department, from 2003 until 2015. As part of my duties as an ATF Special Agent, I investigate criminal violations relating to violent crime, and firearms and explosives offenses, including 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) and 26 U.S.C. §§ 5861(d), (e) & (f), (possess, transfer or making a firearm not registered in the National Firearms Registration and Transfer Record).

2. During my career in law enforcement, I have investigated violations of federal narcotics laws and related violations, including federal firearms offenses. Based on my training, experience, and participation in firearms and drug trafficking investigations, I know and have observed the following:

   a. I have utilized informants to investigate drug trafficking. Through informant interviews, and extensive debriefings of individuals involved in drug trafficking, I have learned about the manner in which individuals and organizations distribute controlled substances in Wisconsin and throughout the United States;

   b. I have also relied upon informants to obtain controlled substances from dealers by making controlled purchases of controlled substances from dealers. I have extensive experience conducting street surveillance of individuals engaged in drug trafficking. I have participated in the execution of numerous search warrants where controlled substances, drug paraphernalia, and drug trafficking records were seized;

c. I am familiar with the appearance and street names of various drugs, including marijuana, methamphetamine, heroin, cocaine, cocaine base (crack cocaine), and ecstasy. I am familiar with the methods used by drug dealers to package and prepare controlled substances for sale. I know the street values of different quantities of the various controlled substances;

d. I am familiar with the language utilized electronic communication devices and social medial platforms to discuss drug trafficking, and know that the language is often limited, guarded, and coded;

e. I know that drug traffickers often use various electronic communication devices, including cellular phones, to conduct drug trafficking operations, and that drug traffickers often communicate on cell phones using text messages and direct connect cell phone capabilities; and

f. I know that drug traffickers commonly have in their possession, and at their residences and other locations where they exercise dominion and control, firearms, ammunition, and records or receipts pertaining to such.

3. The facts contained in this affidavit are known to me through my personal knowledge, training, and experience, through information provided to me by others, and through information provided to me by other law enforcement officers and my review of official law enforcement records and reports which I consider to be truthful and reliable.

4. Because this affidavit is submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are essential to establish probable cause.

5. I make this affidavit in support of an application for search warrant for the

following items: (1) purple, Apple iPhone in clear plastic case; (1) white, Apple iPhone in black plastic case; (1) gray, Verizon eTalk flip phone (serial number F0192007036188); (1) black/ blue, Verizon, Samsung flip phone (serial number SMB690VBKA); (1) black/red, Verizon, Kyocera flip phone (serial number KYOE4520PIT); (1) rose gold, Apple iPhone 6S with clear plastic case; (1) black, Apple iPhone with black plastic case; and one (1) black, Sprint, Kyocera cell phone (serial number 268435459912178756), all of which are now located in the custody of the City of Milwaukee Police Department (MPD) under evidence inventory number 21013084.

## II. PROBABLE CAUSE

6. On April 14, 2021, MPD officers assigned to the Fugitive Apprehension Unit (FAU) were attempting to locate a wanted person in the area of 2448 West Kilbourn Avenue in Milwaukee, Wisconsin.

7. At approximately 4:45 p.m., officers drove past the front of the building at the above-referenced addressed and into the alley. As officers entered the alley, they observed a silver, Kia Forte in the rear of the tenants' lot with Illinois registration plate CN95156. The vehicle was occupied by an individual later identified as Jaquan Jackson, who was seated in the driver's seat. They also observed the vehicle was occupied by an individual later identified as Kerry Crawford, who was seated in the rear passenger's seat area.

8. As officers passed the Kia, they observed the rear door open and noticed the rear passenger (Kerry Crawford) resembled the fugitive they were attempting to locate. Officers exited their police vehicle in full MPD uniforms and approached the Kia to identify the rear passenger.

9. As officers approached, they smelled the odor of marijuana in the vicinity. As officers neared the vehicle, the driver (Jaquan Jackson), looked at the officers and immediately opened the driver's door. The driver (Jaquan Jackson), exited the vehicle and attempted to flee on

3

foot. At approximately the same time, the rear seat passenger (Kerry Crawford), slid in a frantic manner from the passenger's side to the driver's side of the rear seat.

10. As officers made contact with Kia, they observed a black semi-automatic pistol with an extended ammunition magazine located on the rear seat and a semi-automatic pistol, with an extended ammunition magazine, tucked between the driver's seat and the center console.

11. The vehicle occupants were detained and identified. Neither Jaquan Jackson nor Kerry Crawford were able to provide concealed carry permits. Several items of suspected narcotics and paraphernalia were observed in plain view inside the vehicle.

12. Recovered from Jaquan Jackson's person was 4.1 grams for green plant material which field tested positive for THC (marijuana), sixteen (16) oval pills suspected to be Oxycodone Hydrochloride, and $3,249.00 in U.S. currency.

13. Recovered from the rear passenger door was a digital scale and five (5) plastic baggies of suspected crack cocaine, which field-tested positive for cocaine with a total weight of 19.9 grams.

14. Recovered from a black satchel on the driver's floorboard was two (2) clear plastic baggies of suspected crack cocaine, which field tested positive for cocaine with a total weight of 18.3 grams and $901.00 in U.S. currency.

15. The firearm recovered from between the driver's seat and console is further described as a black, Glock 17, Gen 4, 9mm semi-automatic pistol bearing serial number TNM918. The pistol had a switch attached to the rear of the firearm which allows the firearm to be fired in a full, automatic capacity (i.e., machine gun). The firearm was loaded with thirty-one (31) live/unfired cartridges, including one (1) live cartridge in the chamber.

16. The firearm recovered from the rear passenger's seat is further described as a black, Ruger SR9, 9mm semiautomatic pistol, bearing serial number 337-95173. The pistol was loaded with twenty (20) live/unfired cartridges, including one (1) live cartridge in the chamber.

17. Jaquan Jackson is prohibited from possessing firearms and/or ammunition due to his State of Wisconsin felony conviction in Waukesha County Circuit Court case 16CF001169: Possess with Intent-THC (<=200grams).

18. A total of six (6) cellular phones were recovered from inside the vehicle and two (2) cell phones located on the ground directly outside the vehicle. Said cell phones are further described as the following: (1) purple, Apple iPhone in clear plastic case located on the ground near driver's door; (1) white, Apple iPhone in black plastic case located on the ground near driver's door; (1) gray, Verizon eTalk flip phone (serial number F0192007036188) located in the center console; (1) black/ blue, Verizon, Samsung flip phone (serial number SMB690VBKA); (1) black/red, Verizon, Kyocera flip phone (serial number KYOE4520PIT) located in the center console; (1) rose gold, Apple iPhone 6S with clear plastic case located in the center console; (1) black, Apple iPhone with black plastic case located on the rear passenger seat; and one (1) black, Sprint, Kyocera cell phone (serial number 268435459912178756) located on the rear passenger seat. Said cell phones are now in the custody of the City of Milwaukee Police Department (MPD) under evidence inventory number 21013084.

19. Neither Jaquan Jackson nor Kerry Crawford claimed ownership of said cell phones. During his apprehension, Kerry Crawford stated "not my car" and "nothin' in it is mine." During in his in-custody, mirandized interview, Jaquan Jackson admitted possession of the drugs found on his person (marijuana and pills) and stated they were for personal use. Jaquan Jackson further stated that he was only aware of those items found on his person and was unaware of any other

items found in the car.

20. Officers recovered the vehicle's rental agreement paperwork from inside the vehicle's glovebox. Said agreement listed M.J. as the vehicle renter. Officers interviewed M.J. on April 14, 2021 when she exited the apartment building at the above-referenced location. M.J. confirmed that the Kia parked in her building's lot is her rental vehicle, which she rented that same date. M.J. denied ownership / possession of the firearms located inside the vehicle and was unable to identify by name the individuals who were seated in her vehicle when officers made contact with it.

21. On April 21, 2022, ATF SA Mason reviewed MPD supplemental reports in reference to the above-described incident. Said reports revealed that the several months after the above-described arrest, Wisconsin State Crime Lab conducted DNA testing on the Glock 17, Gen 4, 9mm semi-automatic pistol bearing serial number TNM918 and compared the DNA samples from said firearm to the known DNA samples obtained from Jaquan Jackson and Kerry Crawford. On February 8, 2022, the Wisconsin State Crime lab issued a lab report indicating that Jaquan Jackson's DNA was present and/or Jaquan Jackson is included as a contributor to the DNA recovered from the trigger area of said Glock firearm that was recovered on April 14, 2021.

22. Based on training and experience, SA Mason knows the narcotics recovered from inside the vehicle are street-level, distribution weights. Further, the other items recovered from the vehicle and/or Jaquan Jackson are additional indicia of street-level, narcotics distribution / sales. Those items include the following: digital scale, $4,150.00 in U.S. currency, and eight (8) cell phones.

23. Based on training and experience, SA Mason knows individuals engaged in street-level, narcotics distribution / sales, will often arm themselves with firearms in furtherance of their

drug trafficking activity. Drug dealers use firearms to protect themselves from rival dealers and/or enforce their deals with potential buyers / sellers. Further, street-level, narcotics dealers will often use multiple cell phones to facilitate their drug dealing activity.

24. SA Mason knows from knowledge, training, and experience that multiple features and applications on cell phones use GPS/location services, which when forensically analyzed can potentially show the specific location of that phone at any given time.

25. Based on knowledge, training, and experience, I know people frequently use cell phones to communicate with others via phone calls, text messages and apps that utilize social media, which when forensically analyzed can potentially show correspondence about firearms, illegal drug sales and other criminal activity.

26. I also request that the contents of these documents be sealed. Investigators believe there may be additional targets of this investigation and the release of information contained in this affidavit would alert potential suspects of the course of this investigation.

### III. TECHNICAL TERMS

27. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to

enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

### IV. ELECTRONIC STORAGE AND FORENSIC ANALYSIS

28. Based on my knowledge, training, and experience, as well as my conversations with other Special Agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives, who are experienced with electronic communication systems, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the Devices. This information can sometimes be recovered with forensics tools.

29. *Forensic evidence*. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Devices were used, the purpose of use, who used it, and when.

30. *Nature of examination*. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but

8

not limited to, computer-assisted scans of the entire medium that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

31. *Manner of execution*. Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

### III. CONCLUSION

32. Based on the foregoing facts and circumstances, there is probable cause to believe that Jaquan Jackson and/or Kerry Crawford were involved in the distribution of narcotics in violation of 21 U.S.C. § 841(a)(1), felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) at the time that he was arrested on April 14, 2021. There is likewise probable cause to believe that the eight (8) cellular phones as described in Attachment A contains evidence of these crimes, as described in Attachment B.

# ATTACHMENT A

## PROPERTY TO BE SEARCHED

The Property to be search is the following: (1) purple, Apple iPhone in clear plastic case; (1) white, Apple iPhone in black plastic case; (1) gray, Verizon eTalk flip phone (serial number F0192007036188); (1) black/ blue, Verizon, Samsung flip phone (serial number SMB690VBKA); (1) black/red, Verizon, Kyocera flip phone (serial number KYOE4520PIT); (1) rose gold, Apple iPhone 6S with clear plastic case; (1) black, Apple iPhone with black plastic case; and one (1) black, Sprint, Kyocera cell phone (serial number 268435459912178756), all of which are now located in the custody of the City of Milwaukee Police Department (MPD) under evidence inventory number 21013084.

# ATTACHMENT B

## ITEMS TO BE SEIZED

All records on (1) purple, Apple iPhone in clear plastic case; (1) white, Apple iPhone in black plastic case; (1) gray, Verizon eTalk flip phone (serial number F0192007036188); (1) black/ blue, Verizon, Samsung flip phone (serial number SMB690VBKA); (1) black/red, Verizon, Kyocera flip phone (serial number KYOE4520PIT); (1) rose gold, Apple iPhone 6S with clear plastic case; (1) black, Apple iPhone with black plastic case; and one (1) black, Sprint, Kyocera cell phone (serial number 268435459912178756), described in Attachment A, that relates to violations of drug distribution, in violation of 21 U.S.C. § 841(a)(1), felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and involve Jaquan JACKSON and/or Kerry CRAWFORD including, but not limited to:

   a. Drug customers and related identifying information;
   b. types, amounts, and prices of drugs trafficked as well as dates and amounts of specific transactions;
   c. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);
   d. any information related to the possession or use of firearms; and
   e. photographs and/or videos showing Jackson and/or Crawford in possession of firearms and/or illegal controlled substances.